IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02532-REB-MEH

JANOS TOEVS,

    Plaintiff,

v.

KEVIN MILYARD, in his official capacity,
KEVIN MILYARD, in his individual capacity,
TOM CLEMENTS, in his official capacity,
TOM CLEMENTS, in his individual capacity,
ARISTEDES ZAVARES, in his official capacity,
ARISTEDES ZAVARES, in his individual capacity,
CAPTAIN WHITNEY, in his official capacity,
WHITNEY, in his individual capacity,
C.O. MERRILL, in his official capacity,
MERRILL, in his individual capacity,
C.O. RALSTON, in his official capacity,
RALSTON, in his individual capacity,
BERANDETTE SCOTT, in her official capacity,
BERANDETTE SCOTT, in her individual capacity,
SGT. CHRISTIANS, in his official capacity,
CHRISTIANS, in his individual capacity,

    Defendants.

## ORDER GRANTING MOTION TO STAY

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants'[1] Motion to Stay Discovery [filed May 30, 2013; docket #26]. The motion has been referred to this Court for disposition [docket #27]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons that follow, Defendants'

---

[1] This motion is brought on behalf of all Defendants except Mr. Zavares and Mr. Clements, who, according to defense counsel, have not been properly served.

motion is **granted**.

## I. Background

Plaintiff, an inmate at the Colorado State Penitentiary, originated this action on September 21, 2012, and is proceeding *pro se*. On December 10, 2012, Plaintiff was directed to file an amended pleading to correct deficiencies; Plaintiff filed an Amended Complaint on January 10, 2013. In essence, Plaintiff alleges that Defendants retaliated against him for exercising his right to freedom of expression, denied him access to the courts, denied him the right to receive and send mail, denied him equal protection under the law, and denied him the right to be free from cruel and unusual punishment. *See* Amended Complaint, docket #9, at 5-12. On March 18, 2013, Judge Babcock conducted an initial review of the Amended Complaint and dismissed certain Defendants and claims two, four and five as legally frivolous. Thus, claim one for retaliation in violation of the First Amendment and claim three alleging denial of Plaintiff's right to send and receive mail will proceed in this action.

On May 24, 2013, the remaining Defendants responded to the Amended Complaint by filing a Motion to Dismiss or Motion for Summary Judgment, arguing in part that the Defendants sued in their official capacities are entitled to Eleventh Amendment immunity and the individual Defendants are entitled to qualified immunity. *See* docket #21. A few days later, Defendants filed the present Motion to Stay, asserting that, "the district court should resolve the threshold question [of qualified immunity] before permitting discovery.'" *See* docket #26 at 2.

## II. Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial

2

matters as discovery.' " *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, Defendants have filed a motion to dismiss the Plaintiff's Complaint asserting, among other defenses, that they enjoy both absolute immunity and qualified immunity from the Plaintiff's claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendants' motion to dismiss raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Consequently, the Court will grant a temporary stay of the proceedings in this matter pending the disposition of the Motion to Dismiss or Motion for Summary Judgment.

### III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Stay Discovery [filed May 30, 2013; docket #26] is **granted**. The proceedings of this case are hereby stayed pending the District Court's ruling on Defendants' Motion to Dismiss or Motion for Summary Judgment. The Scheduling Conference originally set for June 3, 2013 and now currently set for June 7, 2013 is **vacated**. The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending Motion to Dismiss.

**In addition to notice of filing of this Order being provided to the parties, it is**

**ORDERED that the office of the Clerk shall mail a copy of this Order to the following**:

CASE MANAGER FOR
Janos Toevs, #63992
Colorado State Penitentiary
P.O. Box 777
Canon City, CO 81215-0777

Dated at Denver, Colorado, this 31st day of May, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge