**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02532-REB-MEH

JANOS TOEVS,

    Plaintiff,

v.

KEVIN MILYARD, in his official and individual capacities,
RICK RAEMISCH, CDOC Executive Director, in his official capacity,
ARISTEDES ZAVARES, in his official and individual capacities,
CAPTAIN WHITNEY, in his official and individual capacities,
C.O. MERRILL, in his official and individual capacities,
C.O. RALSTON, in his official and individual capacities,
BERNADETTE SCOTT, in her official and individual capacities,
SGT. CHRISTIANS, in his official and individual capacities,

    Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING
## RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#44],[1] filed August 1, 2013; (2) plaintiff's **Objection to Magistrate's Recommendation** [#49], filed August 8, 2013; (3) the **Recommendation of United States Magistrate Judge** [#57], filed October 10, 2013; and (4) plaintiff's **Objection to Magistrate's Recommendation** [#58], filed October 22, 2013.  I overrule the objections, approve and adopt the recommendations, and dismiss plaintiff's claims.

Plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally

---

[1] "[#44]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

The recommendation is detailed and well-reasoned.  Plaintiff's only objection worthy of more than cursory consideration is the conclusory allegation that the magistrate judge did not afford his pleadings the liberal reading required by applicable precedents.  I disagree.  The magistrate judge recognized and applied the appropriate standard, but nevertheless concluded that plaintiff had failed to allege facts adequate to demonstrate that he had sufficiently exhausted his administrative remedies.[2]  The liberality required to be afforded to *pro se* pleadings implicates the legal theories that may be derived from the facts pled; it does not absolve the *pro se* litigant from the burden of properly alleging facts that support a legal cause of action.  *Hall*, 935 F.2d at 1110 ("The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [A] *pro se* plaintiff requires no special legal training to recount the facts surrounding his

---

[2] I recognize that it may have been the better course for the magistrate judge to consider plaintiff's unverified statements suggesting, with respect to his claim of First Amendment retaliation, that the prison's grievance procedure was unavailable for purposes of the PLRA. Nevertheless, the magistrate judge also found that the appeal plaintiff did submit was insufficient to put defendants on notice that plaintiff was alleging that his relocation was retaliatory.  This claim therefore is properly dismissed in any event.

alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."). As plaintiff here failed to plead facts adequate to support a legal cause of action, the magistrate judge properly concluded that plaintiff's claims should be dismissed.[3]

    **THEREFORE, IT IS ORDERED** as follows:

    1. That the objections stated in plaintiff's **Objection to Magistrate's Recommendation** [#49], filed August 8, 2013, are **OVERRULED**;

    2. That the **Recommendation of United States Magistrate Judge** [#44], filed August 1, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

    3. That the objections stated in plaintiff's **Objection to Magistrate's Recommendation** [#58], filed October 22, 2013, are **OVERRULED**;

    4. That the **Recommendation of United States Magistrate Judge** [#57], filed October 10, 2013, is **APPROVED** and **ADOPTED** as an order of this court

    5. That defendants' **Motion To Dismiss or Motion for Summary Judgment** [#21], filed May 24, 2013, is **GRANTED**;

    6. That defendant Rick Raemisch's **Motion To Dismiss or Motion for Summary Judgment** [#53], filed August 26, 2013, is **GRANTED**;

    7. That plaintiff's claims are **DISMISSED** as follows:

        a. That plaintiff's claims for money damages against all defendants in their official capacities are **DISMISSED WITH PREJUDICE**;

---

[3] Moreover, given the bases on which plaintiff's claims are subject to dismissal, I find and conclude that it is proper to dismiss the claims against defendant Aristedes Zavares, who did not join in the underlying motion to dismiss because he has not been served in this action.

    b. That plaintiff's remaining claims against all defendants in their official and individual capacities are **DISMISSED WITHOUT PREJUDICE**;

  8. That judgment **SHALL ENTER** on behalf of defendants, Kevin Milyard, in his official and individual capacities; Rick Raemisch, CDOC Executive Director, in his official capacity; Aristedes Zavares, in his official and individual capacities; Captain Whitney, in his official and individual capacities; C.O. Merrill, in his official and individual capacities; C.O. Ralston, in his official and individual capacities, Bernadette Scott, in her official and individual capacities; and Sgt. Christians, in his official and individual capacities, against plaintiff, Janos Toevs, as to all claims for relief and causes of action asserted by plaintiff; provided, as follows:

    a. That the judgment as to plaintiff's claims against defendants in their official capacities for monetary damages shall be with prejudice; and

    b. That the judgment as to all plaintiff's remaining claims against defendants in their official and individual capacities shall be without prejudice; and

  9. That defendants are **AWARDED** their costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

  Dated October 30, 2013, at Denver, Colorado.

              **BY THE COURT:**

              *Bob Blackburn*
              Robert E. Blackburn
              United States District Judge